519 P.2d 1136

**In the Matter of a Member of
the State Bar of Arizona,
Wayne A. CARPENTER, Respondent.
No. SB–37.**

Supreme Court of Arizona,
En Banc.

Feb. 20, 1974.

———◆———

Charles A. Finch, Phoenix, for the State Bar of Arizona.

Wayne A. Carpenter, in pro. per.

HAYS, Chief Justice.

On May 19, 1973, a hearing was had before the local Administrative Committee of the State Bar of Arizona on charges against Wayne A. Carpenter, a member of the State Bar of Arizona. Uncontradicted evidence indicated that the Respondent, during the performance of his duties as an attorney, violated A.R.S. § 32–267, Disciplinary Rule 9–102(B)(4) of Canon 9. The Administrative Committee unanimously recommended to the Board of Governors of the State Bar that Wayne A. Carpenter be disbarred.

The Board of Governors, on September 15, 1973, adopted the Findings of Fact, Conclusions and Recommendations of the local Committee and recommended to this court that Respondent be disbarred.

Following in brief form are the undisputed facts: The Respondent represented the mother of a young man who was killed in an automobile accident. After an action was filed in the Superior Court, a settlement was reached with an insurance company which gave Respondent a draft for Fifteen Thousand Dollars ($15,000.00), payable to the personal representative of the deceased, the mother of the deceased, and the attorney, Wayne Carpenter. The draft and the release were signed by the personal representative and the deceased's mother, who was living in Mexico.

On February 25, 1972, the lawsuit was dismissed, but the complainant-mother did not receive her share of the settlement. She wrote and telephoned the Respondent numerous times until September 18, 1972, when she received a check for Ten Thousand Dollars ($10,000.00) signed by Wayne A. Carpenter. After the check was cashed by a bank in Mexico, it was returned, marked "NOT SUFFICIENT FUNDS."

Ultimately, the complainant-mother filed a lawsuit against the Respondent and secured a default judgment. As yet, the judgment has not been satisfied, and the money owed is still unpaid.

The Respondent filed with this court Objections to the Findings and Recommendations of the Administrative Committee and the Board of Governors. This pleading was not properly served nor was it in proper form, pursuant to Rule 37(a) of the Rules of the Supreme Court, 17A A.R.S. In essence, the Respondent does not actually object to the recommendations of the Board of Governors.

In view of the foregoing, the Respondent is disbarred, effective March 15, 1974. Pursuant to Rule 37(h), Rules of the Supreme Court, the Respondent shall, within ten (10) days prior to March 15, 1974, notify all clients of his inability to represent them.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.